UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Joe N. Thomas,

                Debtor.

Case No. 05-66133
Chapter 13
Hon. Marci B. McIvor

_____/

## OPINION SUSTAINING IN PART TRUSTEE'S OBJECTIONS TO DEBTOR'S COUNSEL'S APPLICATION FOR AWARD AND APPROVAL OF PAYMENT OF PRE-CONFIRMATION ATTORNEY FEES AS AN ADMINISTRATIVE EXPENSE

This matter is before the Court on the Trustee's Objections to Debtor's Counsel's Application for Award and Approval of Payment of Pre-Confirmation Attorney Fees as an Administrative Expense of Chapter 13 Plan. The Trustee objects to the fees sought as excessive. For the reasons stated in this Opinion, the Court sustains in part the Trustee's Objections and awards Counsel total fees and costs of $3,956.21.

### Jurisdiction

This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

### Statement of Facts

Debtor filed a voluntary Chapter 13 bankruptcy petition on August 16, 2005. An Order Confirming Plan was entered on February 23, 2006. On March 2, 2006, Debtor's Counsel filed an application seeking fees in the amount of $ 3,851.38 and costs of $145.83 (for a total of $3,997.21). On March 22, 2006, the Trustee filed objections to the fee application. The Trustee asserts that: (1) the hourly fee sought for work completed by paralegals ($80.00 per hour) is excessive; (2) the fees sought for certain time entries is

excessive in that the services performed were ministerial in nature: and (3) the fees sought for certain services dated August 29, 2005 is duplicative.

**Standard for Fee Awards in Bankruptcy**

A court has the duty to review all fee applications, regardless of whether an objection has been filed, in order to protect the assets of the estate for the benefit of the creditors.  11 U.S.C. § 330(a)(2); *In re Bush*, 131 B.R. 364, 365 (Bankr. W.D. Mich. 1991).   A bankruptcy court has broad discretion in determining fee awards.  *Manufacturers Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

Section 330(a)(1) of the Bankruptcy Code provides that the court may award an attorney reasonable compensation for actual, necessary services rendered.  11 U.S.C. § 330(a)(1).  Section 330(a) provides, in pertinent part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> > (A) <u>reasonable compensation for actual, necessary services</u> rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services,

taking into account all relevant facts, including

>     (A) the time spent on such services;
>
>     (B) the rates charged for such services;
>
>     (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>     (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
>     (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --
>
>     (i) unnecessary duplication of services; or
>
>     (ii) services that were not --
>
>         (I) reasonably likely to benefit the debtor's estate, or;
>         (II) necessary to the administration of the case.

11 U.S.C. § 330(a) (emphasis added).

To summarize, 11 U.S.C. § 330(a) requires that requested fees must meet three conditions. The fees must be: (1) reasonable; (2) incurred for services that were actually rendered; and (3) incurred for services that were necessary. *In re Allied Computer Repair, Inc.*, 202 B.R. 877 (Bankr. W.D. Ky. 1996).

The Sixth Circuit has adopted a "lodestar method" for actually applying the requirements set forth in 11 U.S.C. § 330. *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method requires that the court first determine a reasonable hourly rate, and

then multiply the rate times the reasonable number of hours expended to perform actual, necessary services. The Court may "then determine whether a global reduction or enhancement of the fees is in order." *In re Atwell*, 148 B.R 483, 492-93 (W.D. Ky. 1993). The ability to review fee applications in the context of each individual case "permits the Court to balance the following two competing interests: (1) rewarding the attorney practicing bankruptcy on a level commensurate with other areas of practice; against (2) the need to encourage cost-conscious administration." *Allied Computer Repair, Inc.*, 202 B.R. at 884-85. The burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981).

### **Objections to Fees**

1. Paralegal Fees

The Trustee objects to an $80.00 per hour fee for work performed by three paralegals. (Trustee's Objections ¶¶ 1, 2). According to the Trustee, the fee application "fails to include any biographical information that details such person's experience and continuing legal education that would justify the extraordinary hourly rate of $80.00 per hour as requested. Absent such information, the Trustee is unable to evaluate the reasonableness of the requested hourly rate and whether such hourly rate is consummate with comparably skilled practitioners." (Tr. Objections ¶ 1).

Debtor's Counsel filed biographical statements for the paralegals on April 10, 2006. (Docket No. 41). Having reviewed that information, the Court finds that the paralegals working on Debtor's case have extensive experience. This experience presumably allows them to work efficiently on tasks that might otherwise require (more

4

expensive) attorney time. On the facts of this case, the hourly fee of $80.00 is reasonable.

The Trustee's objection to paralegal fees is overruled.

2. Specific Time Entries

The Trustee objects to specific time entries dated August 12, 2005 through August 16, 2005, August 24, 2005, August 30, 2005, August 31, 2005, and November 18, 2005 "as all of the time entries related to the senior partner in the firm filing documents via ECF." (Trustee's Objections ¶ 3). The Trustee asserts that the hourly rates charged for these "ministerial tasks" was the attorney rate rather than the clerical rate, thus the fees sought are excessive.

Having specifically reviewed the entries to which the Trustee objects, the Court finds that the documents were appropriately filed (electronically) by attorneys. While the documents may have been drafted by the firm's paralegal staff, it is the attorneys who retain responsibility for reviewing the documents and ensuring their accuracy before filing. The attorney fees charged for electronic filing were discounted and the time spent was not excessive (.1 hours at $205.00 per hour or $20.50 per filing).

The Trustee's objection is overruled.

3. Duplicative Time Entries

The Trustee objects to the fees requested in the time entry dated September 9, 2005 as duplicative of a time entry dated August 29, 2005. Having reviewed those entries, the Court agrees. Debtor's Counsel's fees are reduced by $41.00 (.2 hours at $205.00 per hour).

## Conclusion

5

For the foregoing reasons, the Trustee's Objections to Debtor's Counsel's Application for Award and Approval of Payment of Pre-Confirmation Attorney Fees are sustained in part. Debtor's Counsel is awarded total fees and costs of $3,956.21.

**Entered: May 10, 2006**

                                                     **/s/ Marci B. McIvor**
                                        **Marci B. McIvor**
                                        **United States Bankruptcy Judge**